UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANNETTE GODBY-DEAN,                        Case No. 1:12-cv-734
    Plaintiff,                             Spiegel, J.
                                           Litkovitz, M.J.
    vs.

COMMISSIONER OF                            **REPORT AND**
SOCIAL SECURITY,                           **RECOMMENDATION**
    Defendant.


Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final

decision of the Commissioner of Social Security (Commissioner) denying plaintiff's

supplemental security income (SSI). This matter is before the Court on plaintiff's Statement of

Errors (Doc. 17), the Commissioner's response in opposition (Doc. 21), and plaintiff's reply

memorandum. (Doc. 22).

**I. Procedural Background**

Plaintiff began receiving SSI disability benefits when she was a child. The

Commissioner conducted a continuing disability review when plaintiff reached age 18.

Subsequently, plaintiff's SSI benefits were terminated because under the disability rules for

adults she was found to be no longer disabled; this finding was affirmed upon plaintiff's request

for reconsideration. Plaintiff requested and was granted a de novo hearing before Administrative

Law Judge (ALJ) Carol K. Bowen. Plaintiff, who proceeded without counsel, plaintiff's mother,

and a vocational expert (VE) appeared and testified at the ALJ hearing. On April 13, 2010, the

ALJ issued a decision upholding the Commissioner's decision to terminate plaintiff's SSI

benefits. Plaintiff's request for review by the Appeals Council was denied, making the decision

of the ALJ the final administrative decision of the Commissioner.

**II. Analysis**

**A. Legal Framework for Disability Determinations**

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process for disability determinations:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> 2) If the claimant does not have a severe medically determinable physical or mental impairment – *i.e.*, an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.
>
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> 5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.,* 582 F.3d 647, 652 (6th Cir. 2009) (citing §§ 404.1520(a) (4)(i)-(v), 404.1520(b)-(g)). The claimant has the burden of proof at the first four steps of the sequential evaluation process. *Id.*; *Wilson* v. *Comm'r of Soc. Sec.,* 378 F.3d 541, 548 (6th Cir.

2004). Once the claimant establishes a prima facie case by showing an inability to perform the

relevant previous employment, the burden shifts to the Commissioner to show that the claimant

can perform other substantial gainful employment and that such employment exists in the

national economy. *Rabbers,* 582 F.3d at 652; *Harmon v. Apfel,* 168 F.3d 289, 291 (6th Cir.

1999).

### B. The Administrative Law Judge's Findings

The ALJ applied the sequential evaluation process and made the following findings of

fact and conclusions of law:

> 1. The [plaintiff] attained age 18 [i]n . . . 2006, and was eligible for supplemental security income benefits as a child for the month preceding the month in which she attained age 18. The [plaintiff] was notified that she was found no longer disabled as of June 1, 2007, based on a redetermination of disability under the rules for adults who file new applications.
>
> 2. Since June 1, 2007, the [plaintiff] has had the following severe impairments: 1) epilepsy; 2) mood disorder; and 3) obesity (20 CFR 416.920(c)).
>
> 3. Since June 1, 2007, the [plaintiff] did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the [ALJ] finds that since June 1, 2007, the [plaintiff] has the residual functional capacity (RFC) to perform medium work as defined in 20 CFR 416.967(c) subject to: 1) no exposure to extreme heat; 2) no climbing of ladders, ropes, or scaffolds; 3) no more than occasional balancing; 4) no exposure to hazardous machinery or unprotected heights; 5) no driving as a job duty; and 6) an ability to perform the mental demands of unskilled work that involves only superficial interaction with the public and co-workers. By definition, medium work ordinarily requires the capacity to lift 25 pounds frequently and 50 pounds occasionally, and to engage in a lot of sitting, standing, or walking.
>
> 5. The [plaintiff] has no past relevant work (20 C.F.R. 416.965).
>
> 6. The [plaintiff] was born [i]n . . . 1988 and is a younger individual age 18-44 (20 C.F.R. 416.963).

3

7. The [plaintiff] has a 10th or 11th grade, limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the [plaintiff] does not have past relevant work (20 CFR 416.968).

9. Since June 1, 2007, considering the [plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [plaintiff] can perform (20 CFR 416.969 and 416.969(a)).

11. The [plaintiff's] disability ended on June 1, 2007, and the [plaintiff] has not become disabled again since that date. (20 CFR 416.987(e) and 416.920(g)).

(Tr. 23-28).

## C.  Judicial Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In

4

deciding whether the Commissioner's findings are supported by substantial evidence, the Court

considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the

disability determination. Even if substantial evidence supports the ALJ's conclusion that the

plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails

to follow its own regulations and where that error prejudices a claimant on the merits or deprives

the claimant of a substantial right." *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc.*

*Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). *See also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541,

545–46 (6th Cir. 2004) (reversal required even though ALJ' s decision was otherwise supported

by substantial evidence where ALJ failed to give good reasons for not giving weight to treating

physician's opinion, thereby violating the agency's own regulations).

**D. Specific Errors**

On appeal, plaintiff raises two assignments of error: (1) the ALJ failed to "fully and

fairly" develop the record; and (2) the ALJ improperly substituted her own medical opinion about

plaintiff's condition.

1. <u>Whether the ALJ failed to fully develop the record</u>.

At the ALJ hearing, plaintiff testified that there was additional medical evidence the ALJ

should review in rendering her decision. (Tr. 533). Plaintiff specified that she had provided the

ALJ with a list of hospitals that she had treated with in Florida, Alabama, and Ohio. *Id*. The

ALJ indicated that she would send out a limited request to plaintiff's current physician at the

University of Cincinnati Hospital to get the last treatment record, but that the record would be

open only for that limited purpose. (Tr. 534). The ALJ made no mention of whether she

intended to seek out the other evidence identified by plaintiff. *Id.* Plaintiff attached as exhibits

to her Statement of Errors emergency room treatment records from Atrium Medical Center,

Mercy Health Partners, and the University Hospital for treatment spanning from April 5, 2007, to

April 20, 2011. *See* Doc. 17, Exhs. A-C.[1] Plaintiff asserts that the ALJ's failure to request these

records was erroneous as the ALJ had a heightened duty to fully develop the record since plaintiff

was unrepresented by counsel at the hearing.

     In her response in opposition, the Commissioner asserts that plaintiff: made an informed

decision to proceed at the ALJ hearing without counsel; was not adversely affected by her lack of

representation at the hearing; and was able to provide testimony in support of her claims and

fully develop her argument. (Doc. 21 at 4-5). In lieu of addressing the merits of plaintiff's

argument as to whether the ALJ had a duty to request the additional medical records, the

Commissioner contends simply that this Court may not consider this evidence as it was not

before the ALJ at the time she rendered her decision unless it is reviewed for purposes of a

Sentence Six remand, which the Commissioner argues plaintiff is not entitled to. *Id.* at 5-6. The

Commissioner's argument misses the mark.

     Although a claimant seeking disability benefits bears the ultimate burden of establishing

her entitlement to such benefits, the ALJ has an affirmative duty to fully develop the factual

record upon which his decision rests. *Lashley v. Sec'y of H.H.S.,* 708 F.2d 1048 (6th Cir. 1983).

The ALJ's duty applies in every case, regardless of whether or not the claimant is represented by

legal counsel. *Id.*; *Vaca v. Comm'r of Soc. Sec.*, No. 1:08-cv-653, 2010 WL 821656, at *5 (W.D.

---

[1] Portions of the treatment records provided by plaintiff from Atrium Medical Center and Mercy Health Partners are pertinent to the ALJ's determination as to whether plaintiff's epilepsy is disabling as they include documentation of the frequency and severity of plaintiff's seizures, and her compliance with medications. (Doc. 17, Ex. A at 8-10, 27-33, 51-64; Doc. 17, Ex. B at 19-26).

Mich. Mar. 4, 2010) (citing *Osburn v. Apfel*, No. 98-1784, 1999 WL 503528, at *7 (6th Cir. July 9, 1999) (quoting *Richardson*, 402 U.S. at 411) ("the responsibility for ensuring that every claimant receives a full and fair hearing lies with the administrative law judge"); *Echevarria v. Sec'y of H.H.S.*, 685 F.2d 751, 755 (2d Cir. 1982) ("given the non-adversarial nature of a benefits proceeding, the ALJ 'must himself affirmatively develop the record.'")). *See also Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) (although the claimant bears the ultimate burden of establishing that he is entitled to disability benefits, courts have recognized that social security proceedings are "inquisitorial rather than adversarial," and it is the ALJ's duty to investigate the facts and develop arguments both for and against granting benefits).

When a disability claimant is not represented by counsel at the administrative hearing, the ALJ has a special duty to ensure that a full and fair administrative record is developed. *Lashley*, 708 F.2d at 1051. This heightened duty arises from the remedial nature of the Social Security Act, as well as from the recognition that the ultimate responsibility for ensuring that every claimant receives a full and fair hearing lies with the ALJ. *Lashley*, 708 F.2d at 1051 (citing *Richardson*, 402 U.S. 389). *See also Elam v. Astrue*, No. 3:11-cv-00234, 2012 WL 2409218, at *7 (S.D. Ohio June 26, 2012) (Report and Recommendation), *adopted sub nom.*, 2012 WL 4483422 (S.D. Ohio Sept. 27, 2012). To satisfy this heightened duty, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," and must be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Lashley,* 708 F.2d at 1052 (citations omitted). In addition, an ALJ must obtain "pertinent, available medical records which come to his attention during the course of the hearing." *Burrows*, 2012 WL 5411113, at *9 (citing *Figard v. Comm'r of Soc. Sec.*, No.

1:09-cv-425, 2010 WL 3891211, at *7 (W.D. Mich. July 1, 2010) (quoting *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996)).

At the ALJ hearing in this matter, plaintiff put the ALJ on notice as to additional pertinent evidence from various hospitals that she wanted the ALJ to review prior to issuing her decision. Despite being aware of this additional evidence, the ALJ opted to request only a portion of the records – namely, the most recent record from plaintiff's treating physician at the University Hospital. *See* Tr. 534. *See also* Tr. 499-505 (the records requested by the ALJ are limited to January 12, 2010 treatment notes from the Neurology Services department at University Hospital Clinics). The ALJ provided no rationale for declining to request the other records referenced by plaintiff at the hearing.

As plaintiff was unrepresented by counsel at the hearing, the ALJ had a special duty to ensure that she developed a full and fair factual record. *Lashley*, 708 F.2d at 1051. This special duty required the ALJ to look into *all* the relevant facts and obtain all pertinent medical records of which she was made aware during the hearing. *Id*. at 1052; *Burrows*, 2012 WL 5411113, at *9. The ALJ failed to satisfy her duty in this case by not obtaining the pertinent and available records identified by plaintiff at the hearing. In light of the ALJ's failure to fully develop the record, the undersigned concludes that this matter should be remanded with instructions to the ALJ to obtain and review the relevant evidence identified by plaintiff at the ALJ hearing.

2. <u>Whether the ALJ relied on her own "medical" opinion</u>.

Plaintiff argues that the ALJ's conclusion that plaintiff's seizure disorder is well controlled when she takes her medication as prescribed is not supported by substantial evidence. Plaintiff contends the ALJ improperly acted as her own medical expert when she concluded that

8

plaintiff would no longer experience epileptic seizures if only she took her medications as prescribed. (Tr. 23, 24, 27). Plaintiff further asserts that the ALJ mischaracterized plaintiff's compliance with medication, noting that plaintiff testified that she was occasionally unable to take prescribed epilepsy medication due to a lack of resources and negative side effects from the medication. (Doc. 17 at 13). Plaintiff also contends that the ALJ mischaracterized the evidence as her seizures did not change in frequency with medication, but only with type. *Id*. at 13-14.

The Commissioner, in opposition, argues that the ALJ properly considered plaintiff's non-compliance with her medication regimen in assessing plaintiff's credibility. (Doc. 21 at 9-11). The Commissioner also contends the ALJ properly resolved the conflicts in the medical evidence in the case.

The ALJ determined that "[t]he records of neurological specialists suggest that the claimant's epilepsy can be well controlled if she follows therapy as directed." (Tr. 27). The record, however, contains conflicting evidence. The evidence shows plaintiff experienced seizures when she was compliant with her medication regimen, as well as when she was noncompliant. *Compare* Tr. 489, 491 *with* Tr. 487, 499-502. The ALJ did not cite to any medical opinion finding plaintiff's seizures were well controlled with medication, nor did the state agency or consultative physicians conclude so. Nor does it appear that plaintiff's treating neurologist at University Hospital was asked for any information on the severity of plaintiff's seizure disorder, whether her seizures were controlled with medication, or the effect of plaintiff's seizure disorder on plaintiff's functional capacity. There is no medical opinion supporting the ALJ's determination that prescribed medication is the missing link between plaintiff's epilepsy and her being able to engage in substantial gainful activity.

9

Yet, even if the ALJ's conclusion in this regard is substantially supported, the question not answered by the ALJ's opinion is whether plaintiff had "good reasons" for allegedly not following prescribed treatment. It is generally proper to base a finding of no disability on a claimant's lack of compliance with treatment. In fact, in order to receive SSI benefits, claimants "must follow treatment prescribed by physician[s] if this treatment can restore [their] ability to work." 20 C.F.R. § 416.930(a). If a claimant does "not follow the prescribed treatment *without a good reason*, [the ALJ] will not find [her] disabled[.]" 20 C.F.R. § 416.930(b) (emphasis added). Social Security Ruling 82-59 instructs that when a claimant is not complying with prescribed treatment, the claimant "should be given an opportunity to fully express the specific reason(s) for not following the prescribed treatment. Detailed questioning may be needed to identify and clarify the essential factors of refusal. The record must reflect as clearly and accurately as possible the [claimant's] reason(s) for failing to follow the prescribed treatment. Individuals should be asked to describe whether they understand the nature of the treatment. . . [and] should be encouraged to express in their own words why the recommended treatment has not been followed." SSR 82-59, 1982 WL 31384, *2 (1982).[2]

The ALJ did not elicit this information from plaintiff at the hearing despite her duty to fully and fairly develop the record. Plaintiff testified she did not take her medication as prescribed because she was at times unable to afford her medication when she was without health insurance. (Tr. 526). *See* SSR 82-59, 1982 WL 31384, *4 (1982) (inability to afford prescribed

---

[2]"Social Security Rulings do not have the force and effect of law, but are 'binding on all components of the Social Security Administration' and represent 'precedent final opinions and orders and statements of policy and interpretations' adopted by the Commissioner. 20 C.F.R. § 402.35(b)(1). In *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 549 (6th Cir. 2004) the court refrained from ruling on whether Social Security Rulings are binding on the Commissioner in the same was as Social Security Regulations, but *assumed* that they are. [The Court] makes the same assumption in this case." *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 272 n.1 (emphasis in original).

treatment is acceptable justification for noncompliance). Plaintiff also testified that she experienced side effects from certain medications. (Tr. 515). It also appears that the ALJ relied on evidence of alleged noncompliance from a time period when plaintiff was a minor and reliant on her mother for obtaining and ensuring compliance with medications. (Tr. 24, citing Tr. 379-400). Under the circumstances "the ALJ should have questioned [p]laintiff in more detail with the goal of identifying and clarifying 'the essential factors of refusal.' Without such questioning, the record – and in turn, the ALJ's Decision - fails to 'reflect as clearly and accurately as possible the [plaintiff]'s . . . reason(s) for failing to follow the prescribed treatment' as required by Ruling 82-59." *Franklin v. Astrue*, No. 3:09-cv-242, 2010 WL 2667388, at *9 (S.D. Ohio June 10, 2010) (quoting SSR 82-59, 1982 WL 31384, at *2) (Report and Recommendation), *aff'd*, 2010 WL 2653332 (S.D. Ohio June 30, 2010). Accordingly, the Court finds plaintiff's second assignment of error well-taken and recommends that the matter be remanded to the ALJ for further consideration consistent with this Report.

**III. This matter should be reversed and remanded for further proceedings.**

This matter should be reversed and remanded pursuant to Sentence Four of § 405(g) for further proceedings consistent with this Report and Recommendation. All essential factual issues have not been resolved in this matter, nor does the current record adequately establish plaintiff's entitlement to benefits. *Faucher v. Sec'y of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994). On remand, the ALJ should ensure that the medical record is fully developed; obtain medical opinion evidence from plaintiff's treating neurologist on whether plaintiff's seizures are controlled with medication; and re-evaluate plaintiff's medication compliance in conformity with the requirements of Social Security Ruling 82-59.

**IT IS THEREFORE RECOMMENDED THAT:**

The decision of the Commissioner be **REVERSED** and **REMANDED** for further

proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

Date: __10/29/13__

Karen L. Litkovitz
United States Magistrate Judge

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANNETTE GODBY-DEAN,                                     Case No. 1:12-cv-734
        Plaintiff,                                      Spiegel, J.
                                                        Litkovitz, M.J.
        vs.

COMMISSIONER OF
SOCIAL SECURITY,
        Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.  This period may be extended further by the Court on

timely motion for an extension. Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas* v. *Arn,* 474 U.S. 140

(1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).

13